**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| REBECCA DELANEY, *as Personal Representative of the Estate of Justin Nicholas Miller*, | ) ) ) ) |
| Plaintiff, | ) No. 9:13-cv-00476-DCN ) ) |
| vs. | ) ) |
| CASEPRO, INC. and BEAUFORT COUNTY, | ) **ORDER** ) ) ) |
| Defendants. | ) ) |
| | ) |
| CASEPRO, INC., | ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Third-Party Defendant. | ) ) ) |

This matter is before the court on plaintiff's motion to remand. For the reasons set forth below, the court grants plaintiff's motion and remands this case to the Beaufort County Court of Common Pleas.

## I.  BACKGROUND

This case arises from the death of Justin Miller on February 24, 2012. Plaintiff Rebecca Delaney represents Miller's estate.[1]  Defendant CasePro, Inc. (CasePro)

---

[1] On June 17, 2013, the decedent's brother, Christopher D. Miller, filed a motion to intervene, claiming to be the appropriate personal representative of the decedent's estate. This motion was not ripe at the time of the court's hearing on plaintiff's motion to remand.

1

employs medical personnel at the Naval Hospital Beaufort (the Naval Hospital) that are alleged to be responsible for Miller's death.

On November 1, 2012, plaintiff filed suit against defendants CasePro and Beaufort County in the Beaufort County Court of Common Pleas, bringing claims for negligence, wrongful death, and negligent undertaking of duty. On January 9, 2013, CasePro filed an answer and third-party complaint against the United States, seeking equitable and contractual indemnification of any damages owed to plaintiff. CasePro also filed a motion to dismiss. On February 21, 2013, the United States filed a Notice of Removal in federal court. As a result, the state court stayed consideration of CasePro's motion to dismiss.

The United States claims that it did not receive service of the third-party complaint until January 22, 2013. In its Notice of Removal, it alleges that the "third-party action constitutes an action that is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331." Gov't's Notice of Removal ¶ 5.[2]

On March 4, 2013, plaintiff filed a motion to remand, arguing that the government's removal was improper. On March 18, 2013, the United States filed a motion to dismiss the third-party complaint for lack of subject matter jurisdiction. The court heard argument on these motions on July 1, 2013.

In her complaint, plaintiff alleges that on February 24, 2012, Justin Miller was struck and killed by a fire truck driven by Kalvin Hunt, a former United States Marine

---

[2] Although the United States only alleges that the "third-party action" is removable to federal court, it seeks to remove "the entire civil action, including the Complaint and Third-Party Complaint." Notice of Removal ¶ 4.

Corps corporal suffering from service-related PTSD. Compl. ¶¶ 1, 6-7. Prior to the accident, Edward Ray, a Beaufort County employee and Veterans Affairs Officer, received a call from Hunt's grandmother to report erratic behavior by Hunt. Id. ¶ 8. Ray visited Hunt in the morning of February 24, 2012. Id. ¶ 9. Approximately three hours later, Ray escorted Hunt to the Naval Hospital, which CasePro was responsible for staffing pursuant to a contract with the Naval Medical Logistics Command. Id. ¶¶ 15, 17.

Plaintiff alleges that Hunt conveyed a desire to hurt himself and others, not only in front of Ray, but also while in the presence and control of Naval Hospital healthcare personnel. Id. ¶¶ 20-22, 24. The healthcare personnel became aware that Hunt posed a serious danger of violence. Id. ¶ 21. Ray and the healthcare personnel began to escort Hunt to the Emergency Room. Id. ¶ 29. Along the way, they allowed Hunt to step outside and get a breath of fresh air. Id. ¶ 30. Upon exiting the Naval Hospital, Hunt stripped naked and climbed into an unoccupied fire truck. Id. ¶¶ 32, 34. Hunt stole the truck, drove it onto the highway, and fatally struck Justin Miller as he was walking across the street. Id. ¶¶ 34-35.

Plaintiff claims that CasePro and Beaufort County were negligent by breaching their duty of care owed to Justin Miller. In its third-party complaint, CasePro asserts that the United States operates the Naval Hospital and contractually agreed to maintain day-to-day control and supervision of CasePro personnel at the Hospital. Third-Party Compl. ¶¶ 75-76. According to CasePro, the United States should ultimately be held liable for any damages owed to plaintiff.

## II.  STANDARD

The party seeking to remove a case from state to federal court—here, the United States—bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996).  If federal jurisdiction is doubtful, remand is necessary.  Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); see Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction").

## III.  DISCUSSION

The United States bears the burden of demonstrating federal jurisdiction.  In its Notice of Removal, it claims that removal is proper under 28 U.S.C. §§ 1441 and 1446, and that this court has original jurisdiction pursuant to 28 U.S.C. § 1331.

Section 1441(a) provides,

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Under § 1446, the Notice of Removal must be filed "within 30 days after the receipt by the defendant" of the complaint.  Id. § 1446(b)(1).

A majority of courts have held that a third-party defendant may not remove a case to federal court under § 1441(a).  See Galen-Med, Inc. v. Owens, 41 F. Supp. 2d 611, 614 (W.D. Va. 1999) ("The majority view [is] that third-party defendants are not 'defendants' for purposes of removal under 28 U.S.C.A. § 1441(a)."); see also Lewis v. Windsor Door Co., 926 F.2d 729, 733-34 (8th Cir. 1991) (holding that district court lacked subject matter jurisdiction "because the United States, as third-party defendant, was without

4

authority to remove the case"); Brashear v. Baligian, No. 03-1796, 2003 WL 22717748, at *2 (D.S.C. Oct. 28, 2003) ("[T]he majority of the rather considerable number of cases decided by the courts of appeal and the district courts have concluded that a third-party defendant . . . is not entitled to remove the case." (internal quotation marks omitted)). Based on this authority, the United States may not remove the case under § 1441(a).

The minority of courts to allow removal by a third-party defendant rely on 28 U.S.C. § 1441(c)(1), which provides that a civil action may be removed if it "includes a claim arising under the Constitution, laws, or treaties of the United States." Courts have permitted removal under § 1441(c)(1) "when the third party complaint asserts a separate and independent cause of action." Greenville Hosp. Sys. v. Betts, No. 10-1986, 2010 WL 3169197, at *2 (D.S.C. Aug. 4, 2010). Courts have further held that a third-party claim for indemnity is *not* "separate and independent" from an original claim of negligence. See id. (holding that "a claim for indemnity is not a 'separate and independent' cause of action, [but] rather it is 'incidental or ancillary to the main claim'"); Poisson v. Maintenance Pace Setters, Inc., 696 F. Supp. 1141, 1143-44 (E.D. Mich. 1988) (holding that a third-party claim for contribution and indemnity was not separate and independent from the primary complaint of negligence).

Here, CasePro's indemnification claim against the government is "not separate and independent" from plaintiff's negligence claims, nor does it "arise under" any federal laws. Therefore, the case was improperly removed under § 1441.[3]

---

[3] At oral argument, the government conceded this point. In addition, plaintiff and the government agreed that at the least, the original complaint should be severed and remanded to state court. See Gov't's Resp. Opp'n Pl.'s Mot. Remand 1 ("[W]e . . . believe the underlying state court case should be severed and remanded.").

Recognizing the flaw in its Notice of Removal, the government attempts to invoke its authority under 28 U.S.C. § 1442 to remove only the third-party complaint brought by CasePro. "Under 28 U.S.C. § 1442(a), the United States may remove to federal court any case to which it is named a party defendant." Salery v. United States, 373 F. App'x 29, 30 (11th Cir. 2010). This alternative argument was first asserted on March 27, 2013, when the government filed a response in opposition to plaintiff's motion to remand. See Gov't's Resp. Opp'n Pl.'s Mot. Remand 2.

"Prior to the expiration of the 30-day period for removal . . ., the defendants may freely amend the notice of removal required by Section 1446(b)." 14C Wright & Miller et al., Fed. Prac. & Proc. Juris. § 3733 (4th ed. 2013) (footnote omitted). "Thereafter, however, most cases indicate that defendants may amend the notice only to set out more specifically the grounds for removal that *already have been stated*, albeit imperfectly, in the original notice." Id. (emphasis added). "[D]efendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal." Id.

To illustrate, in Sullivan v. BNSF Ry. Co., 447 F. Supp. 2d 1092 (D. Ariz. 2006), the plaintiff brought a wrongful death action in state court against the defendant railroad. The defendant removed the case to federal court, asserting federal question jurisdiction. Finding that it lacked federal question jurisdiction, the federal district court found remand necessary. Importantly, the court further refused to consider the defendant's alternative ground for removal—based on § 1442(a)(1), removal of claims brought against a federal officer—because it was raised for the first time in response to the plaintiff's motion to remand. Id. at 1099-1100.

In this case, the government did not rely on § 1442 as a basis for removal until over a month after its time for removal had expired. Like in Sullivan, the government is not entitled to a second bite at the apple because it relies on a completely new ground for removal wholly absent from its Notice of Removal. Id. at 1099 ("[a]lleging new grounds for removal constitutes an allegation of substance" that may not be considered); see also Hinojosa v. Perez, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002) ("It would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground.").[4]

For these reasons, the government lacks authority to remove this case to federal court under 28 U.S.C. § 1441, and the court will not consider its belated attempt to remove the third-party complaint under § 1442. Therefore, the case must be remanded to state court.

---

[4] Numerous courts have remanded claims to state court in similar circumstances. See, e.g., Phillips v. BJ's Wholesale Club, Inc., 591 F. Supp. 2d 822, 825 (E.D. Va. 2008) (holding that "belated allegation" for removal did not provide basis for federal jurisdiction because it was not raised until defendant's response to plaintiff's motion to remand, "well beyond the thirty-day time limit for removal"); Lastih v. Elk Corp. of Ala., 140 F. Supp. 2d 166, 168 (D. Conn. 2001) ("A defendant may not amend its notice of removal after the thirty days elapses to remedy a substantive defect in its removal petition."); Smiley v. Citibank (South Dakota), N.A., 863 F. Supp. 1156, 1161 (C.D. Cal. 1993) (rejecting defendant's alternative ground for removal where it "discovered that the original ground on which it sought removal was baseless and tried to substitute a completely separate and distinct ground to take its place"); Barnhill v. Ins. Co. of N.A., 130 F.R.D. 46, 51 (D.S.C. 1990) (noting that courts routinely "deny leave to amend to supply missing allegations or to supply new allegations" after the thirty-day statutory period for removal).

## IV.   CONCLUSION

Resolving all doubts in favor of state court jurisdiction, as it must do, the court finds that remand is required.  <u>Marshall</u>, 6 F.3d at 232.  Accordingly, the court **GRANTS** plaintiff's motion to remand.[5]

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 2, 2013**
**Charleston, South Carolina**

---

[5] Based on this ruling, all pending motions in this case may be decided by the state court upon remand.